HARVEY H. TRAVIS, Plaintiff in error, who was Defendant.
below, *v.* TITUS SMITH, Jun.

One who, having probable cause or reasonable grounds for belief of guilt, institutes criminal
proceedings against another, is not liable in an action for malicious prosecution, what-
ever may have been his motives. But if he acts rashly, wantonly, or wickedly, in
charging another, he is responsible; he is conclusively deemed to have acted mali-
ciously.

In an action for malicious prosecution; the general question of probable cause is a mixed
question of law and fact.

It is the duty of the court to determine whether the proof of certain facts constitute pro-
bable cause, and it is error to submit that question to the jury.

ERROR to the Common Pleas of Susquehanna county.

This was an action by Titus Smith, Jun., against Harvey H. Travis,
for a malicious prosecution.

The declaration set forth in substance, "That the said Harvey H.
Travis on the 17th of April, 1843, appeared before Charles Avery,
Esquire, a justice of the peace for the said county of Susquehanna, and
then and there, falsely and maliciously, and without reasonable or pro-
bable cause whatsoever, charged the said Titus Smith, Jun., with
encouraging John Green, and William Green, in chopping down and
destroying his dwelling-house in said county, and falsely, and mali-
ciously, and without any reasonable or probable cause whatever, pro-
curing a warrant for the taking and apprehending of the said Titus
Smith, Jun., and afterwards, to wit, on the day and year aforesaid,
wrongfully and unjustly, and without any probable cause whatever,
caused and procured the said Titus Smith, Jun., to be arrested and de-
tained for a long space of time; and until he entered into a recog-
nisance, and was bound with surety by and before the said justice for
his appearance at the Court of Quarter Sessions of the Peace, in and
for said county," &c. The declaration also averred, that the Grand
Inquest of the said county, at August session, 1843, found a true bill,
commonly called a bill of indictment for a riot, against the plaintiff,
Titus Smith, Jun., John Green, and William Green; and that on the
trial of the same, the said plaintiff was acquitted, and the prosecutor
directed to pay the costs.

The evidence submitted by the plaintiff tended to show that a per-
son by the name of John Green, in 1826, took possession of the piece
of land upon which the shanty was erected, and cleared several acres,
continued in possession, paid the taxes, until the 19th of October,
1840, when Harvey H. Travis, the defendant in the present action,
instituted an action of ejectment in the name of the executors of

Henry Drinker, deceased, against Green, to November term, 1840, No. 72. The cause was referred to arbitrators, who awarded in favour of Green. An appeal was entered by Travis, and on the 23d of December, 1843, a verdict and judgment in his favour followed by a hab. fac. poss. to January term, 1844.

That Harvey H. Travis and several others, on Sunday the 16th of April, 1843, took possession and erected a shanty on it. That on the following day Green, the defendant in the ejectment, preferred a charge against Travis, before Justice Lewis, for a breach of the Sabbath, obtained a warrant, and placed it in the hands of Titus Smith, Jun., then constable of the township. Smith accompanied Green and his brother to the place, and found Travis working at the building. Green requested Travis to leave the building, and stated that he would tear it down. Travis, after some words, left the building and came in the road to Smith, who arrested him under the warrant, while Green and his brother pulled down the building. After the Greens had torn down the building, which occupied them from five to ten minutes, all the parties went before the justice. Travis, upon being brought before the justice, pleaded guilty to the charge of Sabbath-breaking, and afterwards instituted the prosecution against the two Greens and Smith, as alleged in the declaration. It also appeared, that Smith arrested several others under the same warrant during the time the Greens were tearing down the building, and brought them before justice Sines, with Travis and the Greens.

The defendant gave in evidence a contract between the executors of Henry Drinker and himself, dated the 18th of July, 1840, for the purchase of the lot upon which the building was erected, and proved by several witnesses the manner in which the arrest was made by Smith, and the building pulled down by the Greens, not, however, varying the facts in any material point as testified to by the plaintiff's witnesses.

The court (Jessup, President) charged the jury in substance as follows:

" The plaintiff, in order to a recovery in his favour, must have satisfied the jury that the prosecution instituted by the defendant against him, and of which he complains, was malicious, and without probable cause.

"Want of probable cause cannot be inferred from malice, yet in some cases malice may be inferred from an entire want of probable cause.

" The question is mainly one of belief in the prosecutor. The Chief Justice has defined probable cause, in Seibert *v.* Price, to be ' a deceptive appearance of guilt arising from facts and circumstances misapprehended or misunderstood so far as to produce belief.'

"Are there, in the evidence disclosed in this case, facts and circumstances which would have induced in the defendant's mind the belief that the plaintiff was in any way concerned with the Greens in pulling down his house? If there were, the plaintiff ought not to recover." (The court here referred to the facts as detailed in the evidence.)

"This is essentially a question of fact for the jury. It is submitted to them as such, under the directions before given, as to what must be found in the evidence before the plaintiff can recover."

To this charge the defendant's counsel excepted, and assigned the following error in this court.

The court erred in leaving it to the jury, as a mere matter of fact, whether the defendant Harvey H. Travis had probable cause to believe that plaintiff was concerned in pulling down his house, or, in other words, to include him as a defendant in the prosecution for a riot, &c. The question of probable cause or not, being a mixed question of law and fact, he should have charged the jury, as matter of law, if they believed the evidence adduced, that defendant had probable cause for including plaintiff in said prosecution.

*Case*, for the plaintiff in error, argued, that probable cause was a mixed question of law and fact. That whether the circumstances proved established the fact of probable cause, was a question of law to be decided by the court. The jury find the facts, and it then becomes the duty of the court to decide whether the facts so found amount to probable cause. In this case, he contended that the court should have charged the jury, that if they believed the evidence, there was probable cause. Instead of doing this, they left the whole matter of probable cause to the jury. He relied upon and cited, 1 Whart. Dig. 13, pl. 35; 3 Wash. C. C. Rep. 31; 1 Peter's Dig. 63, pl. 311; 5 Hall's Law Journal, 514; 6 Am. C. L. 552, pl. 8, 9, 10 & 11; 1 Salk. 15.

*Richards*, for defendant in error.

1. The court below were not requested to charge the jury according to the proposition contained in the error assigned, nor as to the legal effect of the facts given in evidence; therefore there was no error in stating the law generally, which was done according to the case of Seibert *v.* Price, 5 Watts and Serg. 438, &c.

2. If the court had charged as it is contended by the counsel for the plaintiff in error they should have done, it would have been gross error, for the facts showed there was no probable cause even for the prosecution of the Greens.

The facts were all within Travis's knowledge, and he could not have been mistaken.

But even if the Greens were not justifiable, there was not probable cause for including Smith, who was there on compulsion, the sworn officer of the law, in the discharge of his duty, executing the process of the law. Of this fact Travis had full knowledge.

3. The case of Seibert *v.* Price decides that the question of probable cause should be submitted to the jury upon the question of the defendant's belief of the plaintiff's guilt or innocence. In the case at bar the cause was so submitted to the jury, and if there was error, it operated in the defendant's favour, and consisted in submitting the case to the jury in a light more favourable than the defendant was entitled to have it submitted.

The opinion of the court was delivered by SERGEANT, J.

Absolute certainty being unattainable in human affairs, we are compelled, in our most important concerns, to act on probabilities, and the law, which is derived from the nature and position of man, exacts no more from one who institutes criminal proceedings than that reasonable and prudential caution, which the safety of others demands, and where that exists does not make him responsible for the event.

He, therefore, who has probable cause, or in other words, reasonable grounds for belief of guilt, stands acquitted of liability, whatever may have been his motives. If, on the other hand, he acts rashly, wantonly, or wickedly, in charging another, he is responsible; he is conclusively deemed to have acted mala fide or maliciously. As the authority to institute a criminal prosecution, and the extent of that authority, are derived from the law, the law must judge of its exercise; it is therefore the duty of the court to determine whether the proof of certain facts constitutes probable cause, and it is error to submit that question to the jury. The duty of the jury is to say what facts are proved, and for that purpose they are to decide on the weight of evidence, the credibility of witnesses, the truth of conflicting allegations. The general question of probable cause is then a mixed question of law and fact, composing two distinct inquiries, both conducted at the same time on a jury trial, but yet cognizable before two distinct tribunals, each of which discharges its proper functions. In the present instance, the court below threw it on the jury to say, as a question of fact on the evidence, whether there was probable cause. This was leaving to them, in part, a question of law which the court was bound to decide; and it has frequently been held to be error to leave the law to the jury This case must therefore be tried again, that the court may instruct the jury accordingly, as the case may hereafter appear.

Judgment reversed, and ven. fac. de novo awarded.