Robert L. BRADFORD, Plaintiff,

v.

Emmet E. HARDING et al., Defendant.

Civ. 12935.

United States District Court
E. D. New York.

Dec. 10, 1959.

Robert L. Bradford, in pro. per. for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendants, Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiff moves to remand this action to the State Court from which it had been removed. The defendants oppose the motion and also move for summary judgment in their favor.

The plaintiff instituted this action to recover damages in the sum of One Million Dollars for false arrest and false imprisonment. The defendants are the Federal Judge, who sentenced the plaintiff after conviction on a mail fraud charge, hereinafter referred to, the two United States Attorneys who prosecuted him, the Assistant United States Attorney in charge of the prosecution, the United States Marshal who held plaintiff in custody, the United States Commissioner who issued the warrant for the plaintiff's arrest, the Post Office Inspector who made the complaint, the members of the two Grand Juries before whom he was indicted and the New York City Detective who arrested him.

The plaintiff was indicted in the Southern District on charges of mail fraud. During the trial, while duly represented by counsel, he pleaded guilty. On December 12, 1949, on such plea, he was sentenced to a term of one year and a day. The plaintiff's application to set aside the judgment was denied as were several petitions for writs of coram nobis. Various appeals to the Circuit Court and Supreme Court met the same fate.

This action was commenced on September 8, 1952. A few months thereafter the plaintiff moved for remand of the action. Judge Byers handed down an opinion, reported in D.C., 108 F.Supp. 338, denying the motion. Now, and most belatedly, after the elapse of seven years the plaintiff makes the present motion for remand. Aside from the operation of the doctrine of estoppel against the

plaintiff, he is bound by the decision of Judge Byers, the law of the case. Furthermore, upon a reconsideration of all of the factors involved, I find no merit in the plaintiff's contentions concerning remand.

The claim that the plaintiff was illegally apprehended, convicted and incarcerated is specious and lacks any substance whatsoever. All of the defendants acted within the scope of their authority. They pursued the course established by law, secured a warrant of arrest, proceeded by indictment and brought the plaintiff to trial. He was accorded all of the rights and privileges to which he was justly entitled.

The plaintiff's motion for remand is denied. The defendants' motions for summary judgment dismissing the complaint are granted. Submit order.