Gerald **LOMAX**

v.

Paul **SMITH** et al.

**Civ. A. No. 75–3149.**

United States District Court,
E. D. Pennsylvania.

Oct. 10, 1980.

Mark Spiegel, Penn Legal Assistance, Philadelphia, Pa., for plaintiff.

Alan Jay Davis, City Sol., Gerald T. Clark, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff, Gerald Lomax, has brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants, Philadelphia police detectives Paul Smith and Daniel Hill, violated his constitutional rights during the course of his arrest and prosecution for the

crime of rape. Specifically, he alleges that the defendants deprived him of his constitutional rights by:

(1) arresting him without probable cause;

(2) seizing evidence (clothing and a handgun) without a warrant;

(3) forcing him to stand in a suggestive lineup;

(4) failing to advise him of his constitutional rights;

(5) refusing to permit him to contact an attorney;

(6) maliciously charging him with "fictitious crimes";

(7) withholding exculpatory evidence at his criminal trial; and

(8) using false evidence at trial.

Defendants have moved for summary judgment, supporting their motion with affidavits. They have also filed a supplemental motion for summary judgment, again supported by affidavits. Plaintiff, who is represented by volunteer law student counsel, filed a memorandum in opposition to the motion for summary judgment, and advised the Court that he would stand on this memorandum in response to the defendants' supplemental motion. Plaintiff has filed no affidavit in response to either set of defendants' affidavits. A party opposing summary judgment on the ground that there exists a genuine issue of material fact must respond to an affidavit with more than a general denial. *Lockhart v. Hoenstine*, 411 F.2d 455, 458–59 (3d Cir. 1969). Since plaintiff has not responded to defendants' affidavits, the Court will regard as true the facts asserted therein.

The Court granted plaintiff's request to reserve decision on defendants' summary judgment motion, pending the outcome of the appeal of his criminal conviction. The Pennsylvania Supreme Court having affirmed plaintiff's conviction for rape, defendants' motion for summary judgment is ready for decision. On the basis of defendants' uncontradicted affidavits, and on the

basis of the state court record, the Court will grant summary judgment for the defendants.

We will first consider plaintiff's claims relating to the evidence at his criminal trial. Plaintiff alleges that the defendants, along with Assistant District Attorney David Strawbridge,[1] withheld evidence he claims would have been exculpatory. This alleged exculpatory evidence concerned the rape victim's statement (Complaint, ¶ 11) and a handgun (Complaint, ¶ 12). Plaintiff further alleges that defendants "used false evidence in the form of a handgun." (Complaint, ¶ 19). Defendants submitted affidavits stating that they had no role in determining what evidence was to be introduced or withheld at trial; this was solely within the discretion of Assistant District Attorney Strawbridge. On the basis of these uncontested affidavits, we find that there is no factual issue as to defendants' responsibility for evidence introduced at or withheld from plaintiff's criminal trial. We will therefore grant summary judgment for defendants as to these issues.

Defendants contend that plaintiff's other claims are barred by the doctrine of collateral estoppel, since the issues were previously decided adversely to plaintiff at a suppression hearing prior to his criminal trial. In connection with their motion for summary judgment, defendants have submitted the transcript of the suppression hearing, and the findings of fact and conclusions of law made by the Honorable Jacob Kalish in a bench opinion issued on October 15, 1973. This Court has carefully reviewed the record in the state court, as required by *Kauffman v. Moss*, 420 F.2d 1270 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970) and *Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965), and we find that the plaintiff raised the identical issues at the evidentiary hearing before Judge Kalish. At that hearing, plaintiff was represented by counsel who cross-ex-

---

1. The Court granted Strawbridge's motion to dismiss the claims against him on the ground of prosecutorial immunity.

amined the defendants, Smith and Hill. This Court also finds that the state court fully considered and directly determined the identical issues raised herein and, as hereinafter set forth, we find that the plaintiff is collaterally estopped from raising these issues in this civil action.

■ Principles of res judicata and collateral estoppel are fully applicable to civil rights actions brought under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 497, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973).[2] The doctrine of collateral estoppel requires (1) that the issue in question be identical to an issue actually litigated in the prior litigation; (2) that the prior litigation have resulted in a final judgment on the merits; and (3) that the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication. *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir. 1974). *See also Jones v. Saunders*, 422 F.Supp. 1054 (E.D.Pa. 1976); *Wilkinson v. Ellis*, 484 F.Supp. 1072 at 1087–1088 (E.D.Pa.1980).

■ The third requirement is clearly satisfied, since the plaintiff here was the defendant in the prior criminal proceeding. We turn next to the second requirement, that the prior proceeding have resulted in a final judgment on the merits. We agree with Judge Luongo's decision in *Nash v. Reedel*, D.C., 86 F.R.D. 13 at 15 (1980) that a decision on a suppression motion, followed by a criminal conviction, is a final judgment for purposes of collateral estoppel. *See also Rodriguez v. Beame*, 423 F.Supp. 906 (S.D. N.Y.1976). The plaintiff here had a full and fair opportunity for appellate review of the decision on his suppression motion. Plaintiff appealed his conviction to the Su-

preme Court of Pennsylvania and raised there the same issues he raises here.[3] On appeal, the Supreme Court of Pennsylvania upheld his conviction. (*See* letter to Court from Penn Legal Assistance Office, March 23, 1979).

We turn, then, to the first requirement for application of collateral estoppel, i. e., that the issues be identical in both proceedings. Upon examination of the record of the suppression hearing, we conclude that each and every issue the plaintiff seeks to raise here was decided by Judge Kalish.

■ Plaintiff contends that he was arrested without probable cause, and that as a result of such arrest he was maliciously prosecuted for what he deems to be the "fictitious crime" of rape. If there is probable cause for an arrest, there can be no claim of false arrest against the arresting officers. *Fagan v. Pittsburgh Terminal Coal Corp.*, 299 Pa. 109, 149 A. 159 (1930); *Travis v. Smith*, 1 Pa. 234 (1845). Judge Kalish, after hearing testimony from Detectives Smith and Hill, concluded that "the arrest was based on sufficient probable cause." (Bench Opinion, October 15, 1973, Findings of Fact 1–15, 17; Conclusions of Law 1). The issue of probable cause having been determined, the plaintiff has no § 1983 claim based on false arrest or malicious prosecution following such arrest.

■ Plaintiff contends that defendants seized clothing and a handgun from his home without a warrant. Defendants' uncontroverted affidavits establish that only Detective Smith participated in the actual gathering of evidence. As to the handgun which Detective Smith removed from plaintiff's residence, Judge Kalish concluded, after an evidentiary hearing, that the plain-

---

**2.** *See also Fernandez v. Trias Monge*, 586 F.2d 848, 854 (1st Cir. 1978); *Winters v. Lavine*, 574 F.2d 46, 58 (2d Cir. 1978); *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Wiggins v. Murphy*, 576 F.2d 572, 573 (4th Cir. 1978), *cert. denied*, 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 57 (1979); *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968); *Metros v. United States District Court*, 441

F.2d 313 (10th Cir. 1971). *But see McCurry v. Allen*, 606 F.2d 795 (8th Cir. 1979), *cert. granted*, 444 U.S. 1070, 100 S.Ct. 1012, 62 L.Ed.2d 751 (1980), where the court held that collateral estoppel should not preclude a section 1983 suit based on claims of unconstitutional search and seizure.

**3.** *See Lomax v. Cuyler*, No. 78-1740 and No. 78-1745, Report and Recommendation of Magistrate Leomporra at 2 (April 9, 1979).

tiff's wife gave valid consent for its seizure. Judge Kalish stated in his bench opinion: "The Court concludes that the seizure of the gun was permissible and lawful, since the wife gave up the gun consentually [sic] and that she had joint–possession [sic] of the home, and was a good faith effort on the part of the wife." (Bench Opinion, Conclusions of Law 2).

■ As to articles of clothing and other personal property seized, Judge Kalish concluded that all except one pair of trousers were lawfully seized pursuant to a valid search warrant. He found that these trousers were unlawfully seized because they were taken "pursuant to a search warrant which did not correspond with the description as set forth in the affidavit to the warrant." (Bench Opinion, Finding of Fact 29). Accordingly, Judge Kalish granted the motion to suppress as to these trousers. Since the trousers were not used as evidence at plaintiff's criminal trial, he suffered no harm as a result of their seizure. Plaintiff does not expressly claim that, apart from the question of the trousers as evidence, the seizure of the trousers amounts to a deprivation of property without due process. If we interpret his rambling pro se complaint to include such a claim, plaintiff would nonetheless fail in this § 1983 action. Although Judge Kalish ultimately found the warrant to be insufficient authority for the seizure of the trousers, Detective Smith's supplemental affidavit states:

> The items of clothing which I seized from Gerald Lomax's address, in my belief, reasonably corresponded to the descriptions supplied to the police by the two rape victims, as was described in the probable cause section of the aforesaid search and seizure warrants. Clothed with this authority I seized in good faith what I believed to be items that most closely fit and most accurately depicted the same articles described in said warrants.

■ On the basis of this uncontroverted affidavit stating that Detective Smith believed that he had lawful authority to seize the items he did, the Court would find that he proved his good faith defense. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). A good faith defense may be established on the basis of an uncontradicted affidavit. *Reese v. Nelson,* 598 F.2d 822 (3d Cir.), *cert. denied,* 444 U.S. 970, 100 S.Ct. 463, 62 L.Ed.2d 384 (1979). Defendants' motion for summary judgment will therefore be granted as to plaintiff's claims concerning the seizure of his handgun and clothing.

■ Plaintiff further claims that defendants violated his constitutional rights by forcing him to stand in a suggestive lineup. Judge Kalish made findings of fact concerning the conduct of the lineup and concluded "The Court finds and the Court concludes as a matter of law that the conduct of the line–up was fair and was not unduly suggestive." (Bench Opinion, Findings of Fact 22–27; Conclusions of Law 2). Judge Kalish concluded, moreover, that witnesses who made in–court identifications of the defendant had bases for their identifications which were independent of the lineup. (Bench Opinion, Conclusions of Law 2). The plaintiff therefore has no § 1983 claim based on a suggestive lineup.

■ Plaintiff also contends that defendants failed to advise him of his constitutional rights while he was in custody, and that they failed to provide him with an attorney upon his request. These issues are disposed of by Judge Kalish's factual findings that Detective Smith advised the plaintiff of his constitutional rights (Bench Opinion, Findings of Fact 4), that the plaintiff made no reply to Detective Smith's questions, including a question as to whether he wanted counsel (Bench Opinion, Findings of Fact 18, 19), and that Detective Hill nonetheless attempted unsuccessfully to locate a public defender (Bench Opinion, Findings of Fact 20, 21).

Thus, all of plaintiff's claims are foreclosed by either defendants' uncontroverted affidavits, Judge Kalish's Findings and Conclusions, or both. The Court will therefore enter summary judgment for defendants.