**Elease PARKER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 81 CV 3932.**

United States District Court, E. D. New York.

July 28, 1982.

---

Pl. Proposed Order at 5.

Israel, Adler, Ronca & Gucciardo by Angelo C. Gucciardo, New York City, for plaintiff.

Edward R. Korman, U. S. Atty., E. D. N. Y. by Richard H. Dolan, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an action for review of a final decision of defendant Secretary of Health and Human Services pursuant to section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g). Alleging that plaintiff suffers from lower back and lumbar nerve disability, the complaint seeks review of the Secretary's denial of plaintiff's application for disability insurance and supplemental security income benefits. The action is now before the Court on defendant's motion to dismiss the complaint for want of subject matter jurisdiction, on the ground that plaintiff failed to commence this action within the sixty-day period specified in § 205(g).[1]

The undisputed facts are as follows. On March 31, 1981, an administrative law judge (ALJ) issued a hearing decision denying plaintiff Elease Parker's application for benefits. Thereafter, plaintiff requested review of the ALJ's decision by the Appeals Council. By letter dated August 11, 1981, after applying for and receiving an extension of time to submit a formal appeal brief, plaintiff's attorney requested that the Appeals Council reverse the ALJ's decision, arguing that the testimony of the treating physician was not accorded the appropriate weight. On September 15, 1981, plaintiff received notice of the Appeals Council's decision on review, dated September 4, 1981, in which the Appeals Council concluded that no basis existed under Social Security Administration regulations for granting her request for review and that "the hearing decision stands as the final decision of the Secretary in your case." The notice also stated as follows:

> "The Appeals Council wishes to note that, although your representative was granted an extension of time to submit a formal appeal brief, no additional material has been received. In the event the Council receives written arguments and/or additional information, it will consider vacating this action.

1. The first sentence of 42 U.S.C. § 405(g) states:

    "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

    In addition, § 405(h) provides that no decision of the Secretary is reviewable "except as herein provided."

"If you desire a court review of the hearing decision, you may commence a civil action in the district court of the United States in the judicial district in which you reside within sixty (60) days from the date of receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing is otherwise made."

Plaintiff's attorney also received a copy of the Appeals Council's decision on September 15, 1981, and on the same day wrote to the Appeals Council, enclosing a copy of the August 11 appeal letter and requesting vacation of its decision. After receiving the September 15 letter, including the copy of the August 11 appeal brief, the Appeals Council responded by letter dated October 14, 1981, upholding the ALJ's decision as supported by substantial evidence and deciding "that there is no basis for vacating [the] previous action in this case." Plaintiff's attorney received the latter notice on October 16, 1981 and commenced the present action on December 3, 1981.

In opposition to the Secretary's motion to dismiss, plaintiff argues that the October 14 letter constituted notice of the Secretary's "final decision" within § 205(g) and that therefore the sixty-day period expired after commencement of this action. Countering, the Secretary argues that plaintiff never applied for an extension of time within which to seek judicial review, that notice of the Secretary's "final decision" was received on September 15, 1981, and that the present action was not commenced within sixty days thereof. Obviously, the issue before the Court is receipt of which letter constituted the trigger of the limitations period imposed by § 205(g).

At the outset, there can be no argument that the sixty-day limitation period is jurisdictional, *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974) (*per curiam*); *Small v. Gardner*, 390 F.2d 186 (1st Cir.) (*per curiam*), *cert. denied sub nom. Small v. Cohen*, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 444 (1968); *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962), or that the period begins

upon notice of the Secretary's "final decision ... made after a hearing to which [plaintiff] was a party." 42 U.S.C. § 405(g). To resolve the application of these principles to the present dispute, we need look no further than the decision in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

*Sanders* involved a disability benefits claimant who had filed two claims, seven years apart, alleging the same bases for eligibility. The first claim resulted in an unappealed decision denying the benefits sought, while the second claim was denied under the doctrine of res judicata. Treating the second claim as one for reopening the initial denial, the ALJ rejected it on that basis as well. Thereafter, the claimant filed a civil action for review of the Secretary's decision not to reopen, and the district court dismissed the complaint for lack of subject matter jurisdiction. Holding *inter alia* that § 205(g) does not authorize judicial review of the Secretary's refusal to reopen claims for social security benefits, the Supreme Court stated as follows:

"This provision [§ 205(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'. But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V); see *Cappadora v. Celebrezze*, 356 F.2d 1, 4 (CA2 1966); *Ortego v. Weinberger*, 516 F.2d 1005, 1007 (CA5 1975). Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to

limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." 430 U.S. at 108, 97 S.Ct. at 985.

That there was only one "final decision ... made after a hearing" in this case cannot be denied. The notice received by plaintiff on September 15 clearly states that upon review the Secretary adopted the ALJ's denial of benefits as "the final decision ... in your case." Because the only procedural mechanism for seeking reconsideration of the Secretary's decision is a request to reopen, 20 C.F.R. § 404.987 (1982),[2] plaintiff's request to vacate the Appeals Council decision cannot be distinguished from the circumstances in *Sanders*.

Finally, plaintiff's argument that she has been caught between the judicial doctrine of exhaustion and the statutorily imposed period of limitations does not withstand scrutiny. In essence, plaintiff argues that had this action been commenced prior to the October 14 decision it would have been subject to dismissal for failure to exhaust the available administrative remedies. Assuming *arguendo* the legitimacy of plaintiff's proposition, it does not follow that the Court may abandon the clear procedural requirements within § 205(g). Under the direct authority of *Sanders*, absent a constitutional challenge, the Secretary's decision not to vacate is simply not actionable under § 205(g). Therefore, the sixty-day period

within § 205(g) could not have been triggered by the notice plaintiff received on October 16, but only by notice of the Appeals Council decision affirming the initial denial of benefits. In this light, plaintiff's time in which to file a civil action expired on November 14, 1981. During the four weeks which elapsed after her receipt of the October 14 decision not to vacate, plaintiff had ample opportunity to file an action seeking judicial review. Once the period expired, her sole remedy was to request an extension of time from the Secretary pursuant to 20 C.F.R. § 404.982 (1982),[3] which avenue presently remains open.

Accordingly, defendant's motion is granted, and the complaint is dismissed for want of subject matter jurisdiction.

SO ORDERED.

2. "§ 404.987 Reopening and revising determinations and decisions.
    (a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.
    (b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988."

3. "§ 404.982 Extension of time to file action in Federal district court.
    Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 404.911."