**Martha L. ROBERTS, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 93–298–2–MAC(CWH).**

United States District Court,
M.D. Georgia,
Macon Division.

April 7, 1994.

Stephanie Hooks Tinkey, Macon, GA, for plaintiff.

U.S. Atty. James L. Wiggins and Asst. U.S. Atty. Frank L. Butler, III, Macon, GA, for defendant.

### ORDER

HICKS, United States Magistrate Judge.

The above-captioned matter is before the court on the motion of the SECRETARY OF HEALTH AND HUMAN SERVICES seeking a dismissal of plaintiff's social security appeal on grounds that it was submitted for filing outside the sixty day period following notification of her decision adverse to plaintiff.[1] Because of the taking of evidence and of the use of affidavits herein by both plaintiff and defendant, the court has determined that it is necessary to treat the Secretary's motion as one for summary judgment rather than as a motion to dismiss. Pursuant to Eleventh Circuit case law, the court has notified plaintiff, the party against whom judgment is sought, of her rights and obligations under Rule 56 of the *Federal Rules of Civil Procedure.* Counsel for plaintiff has acknowledged these rights and obligations and has indicated to the court that no further pleadings will be submitted on behalf of her client.

### SUMMARY JUDGMENT STANDARD

As previously pointed out to the parties, summary judgment can only be granted if there are *no* genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.,* 736 F.2d 656, 658 (11th Cir.1984). Counsel for both parties have briefed the issues herein, and the court has conducted an evidentiary hearing. This order is entered based upon a review of their argument as well as the facts established by the evidence.

### PROCEDURAL BACKGROUND

Plaintiff ROBERTS appeals the **June 24, 1993** adverse decision of the APPEALS COUNCIL denying her request for review of the determination of the ADMINISTRATIVE LAW JUDGE that she is not entitled to supplemental security income benefits. She filed her

1. This matter is before the undersigned magistrate judge by virtue of the consent of both plaintiff and defendant (Tabs # 6 and # 7) under provisions of 28 U.S.C. § 636(c)(1) and (2). Any appeal of this order shall be taken to the Court of Appeals of the Eleventh Circuit.

appeal with this court on **September 3, 1993** by filing a request to proceed *in forma pauperis.*[2] On October 18, 1993, the Secretary filed a motion to dismiss plaintiff's appeal[3], contending that "it was not commenced within sixty (60) days after the date of the mailing of the notice of the final decision of the Secretary of Health and Human Services, nor within any time as extended by the Appeals Council of the Social Security Administration...."

### CONTENTIONS OF THE PARTIES

Defendant contends that plaintiff's submission of her social security appeal is untimely because plaintiff failed to file within the sixty day period allowed by law. 42 U.S.C. § 405(g). Defendant alleges that more than sixty days passed from the time the claimant received notice of the adverse decision from the Appeals Council; plaintiff denies this. Defendant, however, would have the court apply the sixty day period from the date plaintiff ROBERTS herself received the notice; plaintiff believes it appropriate to date her filing from the date of receipt of the notice by her attorney.[4] Also to be considered is application of the presumption of receipt five days after the date of such notice under 20 C.F.R. § 422.210(c).

Of critical importance in this proceeding is the factual dispute over the date of receipt of the Appeals Council's notice, whether by the claimant or by claimant's attorney. Defendant has filed an affidavit indicating that the Appeals Council notice was mailed to plaintiff ROBERTS on June 24, 1993 to the address previously provided by her. *See* Affidavit of Carol A. Stone attached to Brief in Support of the Secretary's Motion to Dismiss (Tab # 9). Ms. ROBERTS testified at the hearing before the undersigned that she was no longer living at that address when the notice was sent.

Plaintiff's counsel has also submitted the affidavit of Lori Ann Castonguay, the office receptionist charged with the responsibility of receiving and processing mail addressed to the law office. *See Tab # 10,* Exhibit C. This affidavit states that the Appeals Council notice was received in counsel's office on **July 8, 1993**. The undersigned on December 10, 1993, heard argument on the issues herein and took evidence in the form of testimony of plaintiff ROBERTS who attempted to explain how and when she personally received the notice from the Appeals Council. Subsequent to the hearing, counsel for plaintiff submitted a supplemental pleading to which she attached as Exhibit "A" an affidavit of plaintiff ROBERTS seeking to expand upon her testimony at the hearing; defendant has not objected to the court's considering said affidavit. However, in the court's view, plaintiff has failed in both her testimony and in her [supplemental] affidavit to establish with any degree of certainty either the date of receipt by her or by her attorney.

### LEGAL STANDARDS TO BE APPLIED

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) *quoting United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) and *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941).

Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative order may obtain. *Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336, 78 S.Ct. 1209, 1219, 2

---

**2.** Because of delays in processing requests to proceed *in forma pauperis,* it is the policy of this court to consider a case filed as of the date of submission of such a request.

**3.** As indicated above, the court has opted to treat this motion as one seeking summary judgment.

**4.** The court believes that plaintiff is asking it to run the sixty day period from the most recent date of receipt, whether it be date of receipt by the plaintiff or by plaintiff's counsel: i.e., if claimant's date of receipt is nearest to the submission date of September 3, 1993, it is to be used; but if the attorney's date of receipt is nearest to the submission date, then computation of the sixty day period should begin from that date. This order is dispositive of either approach.

L.Ed.2d 1345 (1958). Judicial review of final decisions on claims arising under Title II or Title XVI of the *Social Security Act* is provided for and limited by sections 205(g) and (h) of said *Act*, 42 U.S.C. 405(g) and (h). The remedy provided by section 205(g) is obviously exclusive.

The relevant provisions of section 205 read as follows:

> *(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decisions or within such further time as the Secretary may allow. * * ***
>
> *(h) The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter (Emphasis supplied).* [5]

The above-quoted provisions of the *Social Security Act* clearly indicate that the only civil action permitted on any claim arising under Title II or Title XVI of the *Act* is an action to review the "final decision of the Secretary made after a hearing * * *," and that such action must be "commenced within sixty days after the mailing to him [the party bringing the action] of notice of such decision or within such further time as the Secretary may allow." The Secretary, by regulations published December 9, 1976 in the *Federal Register*, 41 F.R. 53792, 20 C.F.R. section 422.210(c), has interpreted "mailing" as the date of *receipt* by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *See also* 20

C.F.R. 404.981. The date of receipt is *presumed* to be five days after the date of such notice, unless there is a *reasonable showing* to the contrary. 20 C.F.R. section 422.210(c). Such interpretation unquestionably gives a claimant additional time in which to submit an appeal to the courts than contemplated by the *Act*.

In *Stone v. Heckler*, 778 F.2d 645 (11th Cir.1985), the United States Court of Appeals for the Eleventh Circuit upheld the sixty day time limitation. Other circuit courts have held likewise. *See e.g. Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76 (5th Cir. 1987); *Dietsch v. Schweiker*, 700 F.2d 865 (2d Cir.1983); *Hunt v. Schweiker*, 685 F.2d 121 (4th Cir.1982); *Biron v. Harris*, 668 F.2d 259 (6th Cir.1982); *Peterson v. Califano*, 631 F.2d 628 (9th Cir.1980); *Teague v. Califano*, 560 F.2d 615 (4th Cir.1977); *Neighbors v. Secretary of Health, Education and Welfare*, 511 F.2d 80 (10th Cir.1974); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir.1974); *Small v. Gardner*, 390 F.2d 186 (1st Cir.1968), *cert. denied*, 393 U.S. 984, 89 S.Ct. 456, 21 L.Ed.2d 444 (1968).

A number of lower federal decisions have strictly applied the sixty day time limitation. In *O'Neill v. Heckler*, 579 F.Supp. 979 (E.D.Pa.1984), the court held that where the complaint was filed one day late, the court was without jurisdiction to review the decision of the Secretary. *See also Sanchez v. Bowen*, 85–9385 slip op., 1986 WL 9234 (S.D.N.Y. Aug. 11, 1986); *Worthy v. Heckler*, 611 F.Supp. 271 (D.C.N.Y.1985); *Chiaradonna v. Schweiker*, 569 F.Supp. 1471 (E.D.Pa. 1983); *Parker v. Secretary of Health and Human Services*, 543 F.Supp. 1041 (E.D.N.Y.1982); *Palucis v. Schweiker*, 523 F.Supp. 199 (W.D.Pa.1981).

### DISCUSSION

As previously mentioned, of critical importance in this case is a determination as to the date or dates of notification of plaintiff and/or her attorney of the adverse decision of the Appeals Council. The record herein shows

---

5. The Supreme Court has removed all doubt there is no federal question jurisdiction for social security disability benefits claims. *Heckler v. Rinder*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 323, 327, 96 S.Ct. 893, 897, 899, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 756–57, 95 S.Ct. 2457, 2462–63, 45 L.Ed.2d 522 (1975).

that the notice/letter (ACTION OF APPEALS COUNCIL ON REQUEST FOR REVIEW) sent by the Appeals Council is dated **June 24, 1993** and that it was mailed on that date to the claimant at her address of 899 A Street, Macon, Georgia 31206. *See* Affidavit of Carol A. Stone attached to Brief in Support of the Secretary's Motion to Dismiss (Tab # 9). Under 20 C.F.R. § 422.210(c), it is presumed, subject to rebuttal by the claimant, that she received this notice on **June 29, 1993.** Thus, absent any reasonable showing to the contrary, plaintiff would have had sixty days from that date in which to make a timely filing of her appeal. Sixty days from **June 29, 1993** is **August 30, 1993.** Plaintiff submitted her appeal for filing on **September 3, 1993.**

Plaintiff seeks to rebut the five-day presumption of receipt of the Appeal Council's notice in two ways, to-wit: (1) by establishing that she actually received the notice after June 29th, and (2) that her attorney actually received the notice after June 29th.

### A. RECEIPT BY PLAINTIFF HERSELF

■ The court was particularly interested in establishing the date of receipt of the Appeal Council's notice by plaintiff ROBERTS herself in light of the averments of plaintiff's counsel that the notice had not been timely received in her office. For that reason, an evidentiary hearing was scheduled for and held on December 10, 1993. The hearing was not a lengthy one, and the undersigned has carefully listened to the recording of the entire hearing prior to preparing this order. The court has also carefully reviewed the affidavit of plaintiff ROBERTS (Exhibit "A") and the affidavit of Jennifer L. Castonguay, secretary to plaintiff's counsel (Exhibit "B"), both of which are attached to PLAINTIFF'S SUPPLEMENTAL REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Tab # 18).

Neither plaintiff's testimony nor these affidavits establishes to any degree of certainty the actual date plaintiff received the Appeals Council's notice. Plaintiff testified in court that she did not know when she received the notice; the affidavits deal only with possibilities and speculations as to dates and actions

which might provide a key to unlocking the mystery surrounding receipt of the notice by plaintiff herself. The court finds nothing in the record which reasonably establishes the date of receipt of the Appeals Council's notice by plaintiff ROBERTS herself.

Plaintiff herself has not rebutted the presumption of 20 C.F.R. § 422.210(c). Therefore, prior to giving any consideration to the date of receipt by plaintiff's *attorney,* the court finds that plaintiff ROBERTS herself received the notice from the Appeals Council on **June 29, 1993,** the presumptive date of receipt.

### B. RECEIPT BY PLAINTIFF'S ATTORNEY

■ Plaintiff ROBERTS asks the court to use the date of receipt of the Appeals Council's notice *by her attorney* as the beginning date for computing her compliance with the sixty day filing requirement for social security appeals. Defendant contends that under the *Social Security Act* and under pertinent regulations, the sixty day filing period runs from the date of receipt by plaintiff, not by her attorney. She argues that the court is precluded from using the date of receipt by an attorney for a claimant because of the language in the *Social Security Act* which provides that "[a]ny *individual,* after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such a decision by a civil action commenced within sixty days after mailing to *him* of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (emphasis added).

Defendant maintains that reference to "individual" in this code section manifests an intention to restrict application of any filing requirements to the claimant herself. Defendant also cites 20 C.F.R. § 404.981 in support of her argument that all time computations must be made from the date of receipt by the claimant herself; that regulation provides that the time for commencing a civil action [appeal] is extended to "60 days after the date you *receive* notice of the Appeals Council's action." (emphasis added). She further shows that 20 C.F.R. § 404.901 defines "you" as "any person claiming a right

under the old age, disability, dependents' or survivors' benefits program," and provides that the *"[d]ate you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period," where "[w]e, us or our refers to the Social Security Administration." (emphasis in original).

In support of her position, defendant Secretary cites the decision of the Court of Appeals for the Fifth Circuit in *Flores v. Sullivan*, 945 F.2d 109 (5th Cir.1991). The court in *Flores* held that the sixty day period in question ran from the date of presumed receipt by plaintiff rather than the date of receipt by his attorney. "Both the statute and regulations pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days. *Flores* at 111–12. That decision is not binding on this court, however.

Defendant recognizes that the regulations "do provide for notice to claimant's attorney" (20 C.F.R. §§ 404.1705–.1715). Quoting from *Flores*, however, she argues that "[n]owhere do the time limits refer to notice to the claimant's attorney." *Flores,* at 111.

On the other hand, plaintiff ROBERTS argues that the Secretary's position, and the position of the *Flores* court, is erroneous and results in thwarting the purpose of 20 C.F.R. § 404.1705–.1720 which provide for the appointment of a representative for Social Security claimants as well as for the scope of such an appointment. An examination of pertinent provisions of the regulations compels the undersigned to agree with the plaintiff.

Either an attorney or a non-attorney may be designated as a "representative" of a claimant in a social security proceeding provided he meets certain qualifications. 20 C.F.R. § 404.1705. That representative is authorized *on behalf of the claimant* to:

"(1) Obtain information about your claim *to the same extent that you are able to do;*

"(2) Submit evidence;

"(3) Make statements about facts and law; and

"(4) Make any request or *give any notice* about the proceedings before us."

20 C.F.R. § 404.1710(a) (emphasis added).

20 C.F.R. § 404.1715 provides:

"(a) We shall send your representative—

(1) **Notice and a copy of any administrative action, determination, or decision;** and

(2) Requests for information or evidence.

(b) *A notice or request sent to your representative, will have the same force and effect as if it had been sent to you.*

(emphasis added).

In the court's view, notice given by the Secretary to a representative of a claimant is on equal footing with notice sent to the claimant. Notwithstanding the Fifth Circuit's pronouncement in *Flores* that "notice to the attorney is not a factor in determining the period in which judicial review can be sought," *Flores* at 113, it is implicit in the language of the regulations quoted above that notice sent to a representative is of no less value than notice sent to the claimant *and* that such a notice *may,* under certain circumstances, be a factor in determining the period in which judicial review can be sought.

The regulations clearly recognize that the role of a representative in prosecuting a social security claim is an meaningful one: he is authorized to obtain information about the claimant's claim *"to the same extent"* that the claimant is; and, he is authorized to make any request or *give any notice* about the proceedings before the agency. The Secretary is obligated under the regulations to send claimant's representative "**notice and a copy of any administrative action, determination, or decision**" as well as any "requests for information or evidence." Furthermore, the Secretary recognizes that a *notice* or request sent to claimant's representative, will have the *same force and effect* as if it had been sent to the claimant.

To say that a claimant's representative is suddenly divested of his authority to act on behalf of his principal at such a crucial time as the notification of an adverse decision by the Appeals Council makes little sense in light of the *specific* references in the regula-

tions to his right to give notice to and receive notice from the Secretary. If the representative does not have *full* authority to act for the claimant in *all* things, what purpose is served by providing notification to him? Is there any legitimate purpose to be served by limiting a representative's authority to act for his principal at such a critical time? This court believes not.

The Secretary may argue that the representative still has the means available to him to ascertain *from the claimant* the date of receipt of any notice mailed to the claimant and that this is sufficient to protect the claimant's right to appeal within the sixty day period provided. Granted, a representative can keep tabs on his claimant's case by continually inquiring as to whether claimant has received any notice from the Secretary; but why should he have to? If the Secretary notifies him of the action taken, why should he not be able to rely upon that notice? Why should an attorney have to maintain a close check on his client when the Secretary is clearly obligated under the regulations to provide notice? Failure to notify the attorney of adverse action has resulted in courts permitting "late" filings. *See Bartolomie v. Heckler*, 597 F.Supp. 1113 (N.D.N.Y.1984) and *Penner v. Schweiker*, 701 F.2d 256 (3rd Cir.1983).

The practicality of the situation is such to question why the obstacle of refusing to recognize notification of counsel should be placed in the way of prosecuting an appeal of an adverse decision. If an attorney has been designated by a claimant as his or her representative, is not that attorney also designated as one entitled to receive notices *and* to act upon them?

By providing for the appointment of representatives and for payment of fees to such representatives, the regulations acknowledge the complexity of social security proceedings. Granted, one may certainly handle the prosecution of his own social security case from beginning to end; but, one may also designate a person who has expert knowledge of social security law to act in his stead. If he

does so, is it not logical to assume that he believes the representative to have more expertise and knowledge than he himself possesses? And, if this assumption is correct, is it not reasonable to believe that the claimant is relying on his representative's expertise to obtain the benefits he desires? Cannot a claimant reasonably rely upon this attorney to process any appeal, if need be, without having to personally notify his counsel of notices sent to him?

In the court's view, the law contemplates that a claimant shall have a full sixty days in which to file an appeal from the actions of the Appeals Council. Unnecessary delay is certainly likely in many disability cases if a claimant who has physical and/or mental problems and who has been notified of an adverse decision by the Secretary is required to make a personal response to such a notice. Although disabilities take many forms, both physical and mental, it seems to the court that those applying for social security disability benefits are less likely to be possessed of physical and mental abilities which would enable them to respond in a timely manner to notices sent to them than would those not suffering under some type of disability.[6] This is but another reason why representatives are authorized and permitted—to prosecute the claims of those unable to handle their own cases.

An applicant for social security disability benefits, whether or not suffering from a disability for which the payment of benefits is authorized under the law, oftentimes experiences physical or mental problems which make it difficult, if not impossible, for him to function as those free from disability. In the court's view, it is not reasonable to expect such claimants to have the physical and/or mental ability to prosecute their own social security claims. It is in their best interest and in the best interest of justice to have representatives appointed to look after their claims. Is not a designated representative in a better position to receive and act upon notices of adverse actions than is an applicant for benefits? Does not the claimant

---

**6.** Of course, not all who apply are determined to be entitled to benefits. This does not necessarily mean that those denied benefits are not "dis-

abled" in some form or fashion; it merely means that they do not meet the criteria under the law for an award of benefits.

who has designated a representative *depend* upon his representative to "look after" his case for him in *all* respects, including processing any appeals of adverse decisions?

 In those cases in which a representative has been designated by a claimant according to the regulations, this court would begin the sixty day period for filing an appeal from the date of notification of the *representative,* whether it be the presumed date of notification or the actual date established by reasonable evidence.[7] This is in harmony with those provisions in the regulations permitting the appointment of representatives and setting forth their authority to act for claimants. It is also entirely consistent with 20 C.F.R. § 404.1715(b) which provides that a notice or request sent to a [designated] representative will have the *same force and effect* as if it had been sent to the claimant. It is also the most practical means of insuring that appeals are processed in a timely manner without having to involve the court in disputes over if and when notification has taken place.

Having determined that nothing in the regulations is inconsistent with permitting the date of the notice to *counsel* to be used as the beginning point for determining the timeliness of filing an appeal from an adverse decision by the Appeals Council, the question remains in this case, whether plaintiff's attorney (her designated representative herein) filed her appeal of the Appeals Council's adverse decision within sixty days of receipt *by counsel* of the notification from the Appeals Council. The Secretary has established, and the plaintiff does not contest, that the notification was mailed on **June 24, 1993.** *See* Affidavit of Carol A. Stone attached to Brief in Support of the Secretary's Motion to Dismiss (Tab # 9) and Plaintiff's [Response to] Motion to Dismiss (Tab # 10). If the five-day presumption is applied, plaintiff's counsel would have received the notice on **June 29, 1993** and would have had until **August 30, 1993** to file her appeal. Counsel argues, however, that the notice was not received in her office until **July 8, 1993,** giving her until **September 6, 1993** to submit her appeal. The record herein indicates that counsel filed plaintiff's appeal on **September 3, 1993.**

Plaintiff has filed with the court the affidavit of her attorney's receptionist, Lori Ann Castonguay (Tab # 10, Exhibit "C"), which states:

*1.*

*I am the receptionist for the Law Firm of Karen Daniels, RN located at 201 Second Street, Suite 960, First Liberty Bank Tower, Macon, Georgia 31201. One of my primary responsibilities when the mail is delivered is to process the mail by opening each piece of business mail and stamping the date received on each piece of business mail.*

*2.*

*As stated earlier, it is my responsibility to stamp the date received on each piece of mail received by our law firm.*

*3.*

*Our office received the Action of Appeals Council on Request for Review in the case of Martha L. Roberts on July 8, 1993. I have attached a copy of the Action of the Appeals Council evidencing the date received with the stamped date received having been applied. [Exhibit A].*

*4.*

*This affidavit is made to the best of my knowledge and belief.*

In order to find that plaintiff ROBERTS has rebutted the presumption of 20 C.F.R. § 422.210(c) that she received the Appeals Council notice on **June 29, 1993,** five days after the date of that notice, this court must embrace the affidavit of her attorney's receptionist, Lori Ann Castonguay, quoted above. Plaintiff's counsel relies exclusively upon this affidavit to support plaintiff's attempt to rebut the five-day presumption insofar as receipt in the law office is concerned. If this

---

**7.** Obviously, if no representative has been appointed, the date of notification of the claimant would govern.

affidavit submitted by plaintiff can be believed and relied on, it would clearly establish a receipt date of **July 8, 1993**. Plaintiff would then have had sixty days from that date in which to file her appeal in this court; sixty days from **July 8, 1993** is **September 6, 1993**. Plaintiff, in fact, filed her appeal in this court on **September 3, 1993**.

Other courts have considered similar affidavits and found them to them wanting insofar as rebutting the presumption of 20 C.F.R. § 422.210(c). In *Leslie v. Bowen*, 695 F.Supp. 504 (D.Kan.1988), the court found such an affidavit to be insufficient to rebut the five-day presumption, agreeing with other courts that "the rebuttable presumption would serve little purpose if an affidavit stating a later date of notice constituted a reasonable showing to the contrary." *Leslie*, at 506. That court quoted the following from the Fifth Circuit decision in *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir.1987):

> In the present case, the Appeals Council's decision was dated June 13, 1983, and notice of that decision was mailed on June 20, 1983; thus the government is entitled to a presumption that appellant received the notice of June 25. The appellant sought to rebut the presumption that he received notice in June by offering his affidavit and his attorney's affidavit stating that neither of them received notice of the Appeals Council's decision until September 8, 1983, The Appeals Council was entitled to conclude that this was insufficient to rebut the presumption of notice. As the court noted in *Rouse v. Harris*, 482 F.Supp. 766, 769 (D.N.J.1980):
>
>> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.

See also *Chiappa v. Califano*, 480 F.Supp. 856 (S.D.N.Y.1979); *Gibbs v. Harris*, 501 F.Supp. 124 (D.Md.1980).

The *Leslie* court at 506 provided examples from decisions in other cases wherein proof satisfactory to rebut the five-day presumption had been recognized:

> Courts have found the presumption rebutted where the Secretary's records show the notice was not mailed within five days of the date on the notice. See, e.g., *Matsibekker*, 738 F.2d [79] at 81–82; *Bartolomie v. Heckler*, 597 F.Supp. 1113, 1115 (N.D.N.Y.1984); *Gibbs v. Harris*, 501 F.Supp. 124, 125 (D.Md.1980). One court found the presumption rebutted where the plaintiff presented "a facially credible explanation for a later receipt than the regulations presume." *Chiappa v. Califano*, [480 F.Supp.] 856, 857 (S.D.N.Y.1979). In *Chiappa*, plaintiff explained that he had temporarily moved and that the letter was forwarded to his new address as was indicated on the notice by the railroad clerk. The affidavit of the railroad clerk also supported the date of receipt at the forwarding address. The court finally noted that plaintiff filed his complaint within five days of his alleged receipt of the notice, showing a diligent, rather than dilatory, exercise of rights. 480 F.Supp. at 857.

In granting the Secretary's motion to dismiss, the court in *Leslie* went on to say:

> In the present case, plaintiff has not presented any evidence, besides his affidavit. Plaintiff has not submitted any postmarked envelope. He has not offered any explanation for the late receipt or for the lack of any evidence to support his affidavit. Plaintiff's alleged receipt of the notice on May 23, 1988, still permitted him 51 days to timely file his complaint of the 60-day period calculated from the presumed 5-day receipt date. Plaintiff is represented by legal counsel. If difficulty in filing the complaint within the 51 days was anticipated, plaintiff could have sought an extension from the Appeals Council. Plaintiff made no such request. Under these circumstances, the court finds plaintiff has failed to rebut the 5-day presump-

*tion with either direct evidence or a facially credible explanation for the late receipt.*

In the view of the undersigned, these remarks are equally applicable to the facts of the instant case: no postmarked envelope has been produced indicating a mailing date different from the presumed date of mailing; nothing save an uncorroborated affidavit from a law office employee has been presented in support of counsel's contention of late receipt; plaintiff's counsel's alleged receipt of the notice on July 8th still permitted her *53 days* of the 60–day period calculated from the presumed 5–day receipt date in which to timely file her complaint or seek an extension from the Secretary.

In short, insufficient evidence has been presented to this court to rebut the presumption of 20 C.F.R. § 422.210(c) that plaintiff's counsel received the Appeals Council notice on **June 29, 1993**; therefore, the last day for filing her appeal was **August 30, 1993.** Since the appeal was not submitted until **September 3, 1993,** the filing was untimely.

### Equitable Tolling

■ Plaintiff asks this court to invoke the doctrine of equitable tolling in this case in the event it finds that she has failed to make a reasonable showing to rebut the presumption of 20 C.F.R. § 422.210(c). She points out that the sixty day period in question is a period of limitation instead of a jurisdictional bar. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). As the prescribed time is a statute of limitation, the equitable doctrine of tolling can be applied. *See Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

The defendant argues that equitable tolling is not appropriate in this case, however, and that since the 60–day statute of limitations contained in the *Social Security Act* is designed to be "unusually protective" of claimants, equitable tolling is available only in such "rare cases" as *Bowen v. City of New York* wherein the government's "secretive conduct" prevented plaintiffs from knowing of a violation of rights." *Bowen,* at 481, 106 S.Ct. at 2030. No such conduct or inappropriate behavior on the part of the government has been established in this case.

Indeed, the equities herein are not with the plaintiff. The court in *Chiappa v. Califano, supra* at 857, recognized diligence on the part of the plaintiff therein who filed his complaint within 5 days of his alleged receipt of the notice; the court characterized this as showing a diligent, rather than dilatory, exercise of rights. Such diligence is not present in the instant proceeding, however. Plaintiff ROBERTS waited **57 days** after her contended receipt of notification before submitting her appeal to this court.[8]

Accordingly, the court finds no basis in this proceeding for invoking the doctrine of equitable tolling.

In light of the foregoing, the court finds that it would be inappropriate to permit plaintiff to pursue an appeal herein. The defendant Secretary's MOTION FOR SUMMARY JUDGMENT is **GRANTED.** Let judgment enter accordingly.

SO ORDERED.

**8.** Even if plaintiff's date of receipt of July 8th is used, plaintiff waited until the 57th day of her sixty days to submit her appeal. In the court's view, sixty days is a more than reasonable time in which to file an appeal of an adverse ruling from the Secretary. It is the experience of this court that most complaints appealing adverse social security rulings are similar in appearance and content. Virtually the same issues are raised in each appeal; counsel filing appeals use similar, if not identical, language in submitting their appeals. Facts peculiar to each case can easily be "plugged in" to fit what, in many cases, is nothing more than a "form" complaint. Given the ease with which an appeal can be prepared, it is difficult to understand why it takes sixty days to prepare it for filing. There are, of course, those rare instances where unusual and complex issues arise; but there are also provisions for extending the 60–day filing date. My wait until the time has almost run to submit a complaint for filing and run the risk that there has been an error in calculating the period for filing?