39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry L. RIVERA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-15289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Terry L. Rivera appeals pro se the district court's denial of her Fed.R.Civ.P. 60(b) motion for reconsideration. Rivera contends that the dismissal of her action challenging the Secretary of Health and Human Services's decision to deny her social security benefits should be set aside. The district court dismissed Rivera's action for benefits as time-barred under 42 U.S.C. Sec. 405(g). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a motion to reconsider under Fed.R.Civ.P. 60(b) for abuse of discretion, and we will reverse "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We construe Rivera's motion to reconsider as a Rule 60(b) motion because it was filed more than ten days after entry of judgment. See Fed.R.Civ.P. 60(b) & 59(e).[1]
 
 
 4
 A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 5
 Rivera contends that the dismissal of her underlying action should be set aside because the district court made procedural errors during the course of the proceedings and misapplied the substantive law. This contention lacks merit.
 
 A. Application of Substantive Law
 
 6
 A social security claimant may obtain judicial review of a final decision of the Secretary by commencing a civil action in the district court within sixty days after the mailing of the notice of such decision, or within such further time as the Secretary may allow. See 42 U.S.C. Sec. 405(g); Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir.1987). The statutory time limit beings to run on the date the claimant receives the Secretary's notice of decision. 20 C.F.R. Sec. 422.210(c). The Secretary is entitled to a rebuttable presumption that the claimant received the notice of decision five days after the date on the notice unless the plaintiff makes "a reasonable showing to the contrary." 20 C.F.R. Sec. 422.210(c); Vernon, 811 F.2d at 1277.
 
 
 7
 Here, it is undisputed that the Appeals Council mailed its decision denying Rivera social security benefits on April 22, 1992. Thus, Rivera was presumed to receive this notice five days later on April 27, 1992. See 20 C.F.R. 422.210(c). Accordingly, Rivera needed to commence her civil action sixty days thereafter, or by June 26, 1992. Rivera did not commence her action until June 29, 1992, three days beyond the statutory time limit.
 
 
 8
 Rivera contends that her complaint was timely because she did not actually receive the Secretary's notice until April 30, 1992, eight days after the date the Secretary mailed her decision. In support of her contention, Rivera submits newspaper articles indicating inclement weather conditions in Virginia during the relevant time. Rivera fails, however, to offer any evidence showing that weather conditions actually caused a delay in mail service. Accordingly, because Rivera's bare allegations of a mail service delay are insufficient to overcome the presumption accorded to the Secretary under the regulations, the district court did not err by dismissing Rivera's action as time-barred. See 20 C.F.R. Sec. 422.210(c); see also McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir.1987) (affidavits of plaintiff and counsel claiming that they did not receive notice of decision until over two months after the date it was mailed were insufficient to rebut presumptive date of receipt).
 
 
 9
 In the alternative, Rivera contends that even if her action was filed beyond the statutory time limit, the statute of limitations should be equitably tolled. While the decision whether to extend the statute of limitations period is usually left to the Secretary, cases occasionally arise where the equities in favor of tolling are "so great that deference to the agency's judgment is inappropriate." Mathews v. Eldridge, 424 U.S. 319, 330 (1976); see also Banta v. Sullivan, 925 F.2d 343, 346 (9th Cir.1991) (same). Thus, equitable tolling is in order when a plaintiff can show that she was "tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Irwin v. Veterans Admin., 498 U.S. 89, 96 (1990)."
 
 
 10
 Here, the notice sent to Rivera on April 22, stated that she had 60 days after receipt to file a complaint and that receipt would be presumed to be five days from the date shown on the notice. By Rivera's own admission she received the notice, at the latest on April 30, at which point she still had well over a month and a half to file her complaint. Rivera was not "tricked by [her] adversary's misconduct into allowing the filing deadline to pass," but rather "failed to exercise due diligence in preserving [her] legal rights." Irwin, 498 U.S. at 96. Given these circumstances, we find no error in the district court's refusal to equitably toll the statute of limitations period. Accordingly, the district court did not abuse its discretion by denying Rivera's motion to reconsider. See Molloy, 878 F.2d at 315.
 
 B. Procedural Errors
 
 11
 Rivera contends that the district court erred by not converting the Secretary's motion to dismiss into a motion for summary judgment because the Secretary submitted an affidavit into evidence in support of her motion to dismiss.[2]
 
 
 12
 The defense of the statute of limitations may be raised by a motion for dismissal or by summary judgment motion. See Jablom v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." See id. Nevertheless, "[i]f the defense does not appear of the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits." Id. In such a situation, "[i]f the motion is treated as one for summary judgment, all parties shall be permitted to present all material pertinent to the motion." Id. (citing Fed.R.Evid. 56).
 
 
 13
 Here, the record indicates that Rivera had ample time to respond to the government's motion to dismiss, and was able to submit numerous exhibits in support of her opposition. Under these circumstances, we conclude that the district court did not abuse its discretion by denying Rivera's motion to reconsider on the grounds that the Secretary submitted an affidavit into evidence in support of her motion to dismiss.[3]
 
 
 14
 Rivera also contends that the order of dismissal should be set aside because she never consented to proceed before a magistrate judge. The record reveals, however, that Rivera raised this issue in the district court prior to the court's order of dismissal and that the court subsequently vacated the referral of Rivera's action to the magistrate judge. Accordingly, Rivera's contention that the district court improperly adopted the findings of the magistrate judge lacks merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rivera contends that her motion for reconsideration should be treated as a Rule 59(e) motion because she filed for an extension of time within 10 days of the district court's order of dismissal. This contention lacks merit because the 10-day filing requirement under Rule 59(e) is jurisdictional and cannot be extended. See Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984)
 
 
 [2]
 The affidavit states that the notice of decision was mailed on April 22, 1992
 
 
 [3]
 Accordingly, we also reject Rivera's contention that the district court erred by denying her motion to strike on the basis that the Secretary improperly submitted the affidavit