[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/30/99
THOMAS K. KAHN
CLERK

No. 97-5106

D. C. Docket No. 94-813-CV-SM

JACQUELINE M. COMPAGNONI,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(April 30, 1999)**

Before TJOFLAT and DUBINA, Circuit Judges, and SMITH*, Senior Circuit Judge.

_____

*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

This case arises out of a long-running feud involving a man, a woman, and the Internal Revenue Service. This particular battle pits the woman against the IRS. For the reasons discussed below, the IRS wins.

I.

Luciano and Jacqueline Compagnoni's romance dates back to the mid-1970s. In 1975, the two were married in Pennsylvania, but, after five years of marriage, they divorced in 1980. Six months later, however, they were reconciled and began living together again (without remarrying). In 1987, they moved to sunny South Florida, and decided to once again take one another as husband and wife. Unfortunately, the change in weather did not help the couple's marital climate, and in 1991 Luciano and Jacqueline Compagnoni obtained another divorce.

Luciano's relationship with the IRS was not much better than his relationship with Jacqueline: He had individual unpaid tax liabilities for the years 1986, 1987, and 1991 totaling approximately $221,000.[1] The IRS, between December 1992 and May 1993, filed notices of federal tax lien against Luciano for

---

[1] Luciano and Jacqueline filed a joint return in 1987; therefore, the 1987 tax liability (approximately $98,000) was joint rather than individual. The IRS, however, treated this liability as an individual liability by filing liens solely against Luciano.

his delinquent tax payments. On July 7, 1993, the IRS levied on funds that Luciano had accumulated in a pension plan at Cooper Industries, and collected approximately $183,000 of Luciano's tax liability.

Meanwhile, the Dade County Circuit Court was in the process of dividing the Compagnonis' assets in their divorce proceedings. On April 8, 1993 – three months prior to the IRS levy – the circuit court entered an order awarding Jacqueline all of Luciano's interest in the Cooper Industries pension plan.

Jacqueline received a letter dated July 29, 1993, from the trustee for the Cooper Industries pension plan explaining to her that the balance in the plan had been reduced by $183,000 pursuant to the IRS levy. On April 26, 1994, Jacqueline filed suit against the United States in federal district court on one count of wrongful levy under 26 U.S.C. § 7426.[2] The district court dismissed the complaint for lack of subject matter jurisdiction, on the ground that the statute of limitations had expired.[3] Jacqueline appeals.

---

[2] Section 7426 provides a remedy for a person whose property is levied upon by the IRS for the purpose of satisfying another person's tax liability. See 26 U.S.C. § 7426(a)(1) (1994); Texas Commerce Bank v. United States, 896 F.2d 152, 156 (5th Cir. 1990).

[3] In most cases, a defense based on a statute of limitations does not implicate the court's subject matter jurisdiction. See Pugh v. Brook (In re Pugh), 158 F.3d 530, 533-34 (11th Cir. 1998) (noting that "true statutes of limitations" do not constitute grants of subject matter jurisdiction, but rather "restrict the power of a court to grant certain remedies in a proceeding over which it has subject matter jurisdiction"). Suits against the United States, however, present an unusual situation. The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity. See United States v. Sherwood, 312 U.S. 584,

II.

Jacqueline's first claim of error relates to the manner in which the district court decided the statute of limitations issue. The issue was raised in a motion to dismiss filed by the Government approximately nineteen months after the commencement of the lawsuit.[4] Jacqueline, in her response, argued that the Government's motion was untimely because a defense based on a statute of limitations is waived if not raised in the defendant's answer. See Day v. Liberty Nat'l Life Ins. Co., 122 F.3d 1012, 1015 (11th Cir. 1997). The district court agreed that the Government should not have waited so long to file the motion, but nevertheless recognized that a party may make a motion to dismiss for lack of subject matter jurisdiction at any time. See Fed. R. Civ. P. 12(h)(3). The district court then concluded that it did in fact lack subject matter jurisdiction and granted the Government's motion to dismiss.

---

586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941). Consequently, if a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period. See Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). Therefore, the court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations.

The statute of limitations for a wrongful levy action is nine months from the date on which the levy occurred. See 26 U.S.C.A. §§ 6532(c), 7426(i) (West supp. 1998). Jacqueline brought her suit nineteen days late.

[4] The motion was entitled, "Motion for Summary Judgment," but the district court correctly construed it as a motion to dismiss for lack of subject matter jurisdiction.

3

Jacqueline then filed a motion for reconsideration, in which she contended that the district court should have resolved her concerns regarding the timeliness of the Government's motion before (and not concurrently with) actually deciding the motion. If the district court had initially determined that the Government's motion was timely, she argued, she would have then responded to the Government's motion on its merits. Specifically, she would have argued that the doctrine of equitable tolling ought to apply, and thus the statute of limitations does not bar her claim. As it was, Jacqueline argued, she had no opportunity to respond to the merits of the Government's motion to dismiss. The district court denied Jacqueline's motion for reconsideration, on the grounds that (1) the district court had no obligation to resolve her timeliness concerns before ruling on the motion to dismiss; (2) Jacqueline easily could have raised her equitable tolling argument in her initial response to the motion to dismiss, but did not; (3) equitable tolling probably does not apply to section 7426 claims; and (4) even if equitable tolling applies to section 7426 claims, Jacqueline has presented no persuasive evidence that it should be applied in her case.

Jacqueline now argues that the district court abused its discretion by not allowing her to present her equitable tolling defense before granting the Government's motion to dismiss. We find this argument meritless. Although

4

Jacqueline did not make an equitable tolling argument in her reply to the Government's motion to dismiss, she made the argument in her motion for reconsideration. The district court, in its order denying the motion, discussed Jacqueline's equitable tolling argument and rejected it. Consequently, Jacqueline has already received that which she requests on appeal – a chance for her equitable tolling defense to be heard by the district court.[5] We therefore conclude that her appeal of this matter is moot.

### III.

Jacqueline also argues that the district court abused its discretion by denying her motion to amend her complaint. Jacqueline moved to amend her complaint to add a claim under 28 U.S.C. § 1346, which allows a civil action against the United States for a refund of taxes alleged to have been assessed in error. See 28 U.S.C. § 1346(a)(1) (1994). Prior to April 1995, many courts had held that standing to bring suit under section 1346 was limited to the person against whom the tax was assessed. See, e.g., Snodgrass v. United States, 834 F.2d 537, 539-40 (5th Cir. 1987); Busse v. United States, 542 F.2d 421, 425 (7th Cir. 1976). Because the tax

---

[5] Jacqueline does not appeal the merits of the district court's decision that her section 7426 is barred by the statute of limitations.

in this case was assessed against Luciano, Jacqueline asserted in her motion that she did not have standing to raise a section 1346 claim at the time she filed her complaint in April 1994.[6] In April 1995, however, the Supreme Court issued its decision in United States v. Williams, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995), which held that, in certain circumstances, persons other than the person against whom the tax was assessed have standing to bring a claim under section 1346. Six months later, in October 1995, Jacqueline sought to add a section 1346 claim (based on Williams) to her complaint.

The district court denied her motion on the grounds that (1) the motion was untimely, because Jacqueline filed it six months after the Williams decision was released; (2) allowing the amendment at such a late stage of the proceedings would cause excessive delay, especially in light of the need for further discovery; and (3) the proposed amendment would be futile, because, even after Williams, Jacqueline did not have a cause of action under section 1346. On appeal, Jacqueline claims that the district court's denial of her motion constituted an abuse of discretion.[7]

---

[6] While this may have been true in regard to the 1986 and 1991 assessments, it certainly was not true in regard to the 1987 assessment, which was jointly assessed against both Luciano and Jacqueline. See note 1, supra.

[7] A district court's denial of a motion to amend a complaint is reviewed for an abuse of discretion. See Campbell v. Emory Clinic, 116 F.3d 1157, 1160-61 (11th Cir. 1999).

We agree with the district court that Jacqueline has not alleged a cause of action under section 1346. A key element of a section 1346 claim – even after Williams – is exhaustion of administrative remedies. See 26 U.S.C. §§ 6532(a)(1), 7422 (1994); Williams, 514 U.S. at 533, 115 S.Ct. at 1616. Jacqueline's proposed amended complaint makes no allegation that she filed an administrative refund claim, nor is there any evidence in the record to suggest that she did so. Therefore, the district court did not abuse its discretion in denying Jacqueline's motion to amend.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.