Jean PETTWAY, o/b/o James E. PETTWAY, Jr., Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 02–0004–CBS.

United States District Court, S.D. Alabama, Northern Division.

Nov. 12, 2002.

Micki Beth Stiller, Montgomery, for plaintiff.

Patricia Nicole Beyer, Mobile, for defendant.

### ORDER

BUTLER, Chief Judge.

After due and proper consideration of all pleadings in this file, and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is **ORDERED** that the Commissioner's Motion to Dismiss be **DENIED.**

1. The plaintiff filed a "Motion in Opposition to Defendant's Motion to Dismiss," (Doc. 10), which is not in fact a motion but simply a

### REPORT AND RECOMMENDATION

STEELE, United States Magistrate Judge.

This action is before the Court on the defendant's motion to dismiss. (Doc. 7).[1] The motion has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has determined that oral argument is unnecessary to resolve the motion. *See* Local Rule 7.3. Upon careful consideration of the evidence and the parties' arguments as raised in their memoranda, (Docs.8, 10, 11, 13, 14), the undersigned respectfully recommends that the defendant's motion to dismiss be denied.

The relevant statute of limitations requires that a lawsuit challenging the denial of benefits be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Pursuant to this authority, the Commissioner has promulgated a regulation allowing the plaintiff 60 days from *receipt* of the notice and further establishing a rebuttable presumption that receipt occurs "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see also id.* §§ 404.901, 404.981, 416.1401, 416.1481.

It is uncontroverted that the Appeals Council denied review of the plaintiff's claim; that the notice of this denial, sent from the Office of Hearings and Appeals ("OHA") in Falls Church, Virginia, is dated October 24, 2001; that receipt is therefore presumed to have occurred on October 29, 2001; and that the 60th day following was December 28, 2001. It is further uncontroverted that December 28, 2001 was a Friday; that the courthouse was closed by order of Chief Judge Butler on Monday, December 31, 2001; that Tuesday, January 1, 2002 was a legal hol-

request that the defendant's motion be denied.

iday; and that the complaint was filed on Wednesday, January 2, 2002.

The dispositive issue is thus the date of receipt of the Appeals Council's notice. If the presumed receipt date of October 29, 2001 is utilized, the complaint is untimely. If any date after October 29 is used, the complaint is timely.[2]

■ A plaintiff may rebut the presumption of receipt five days after the date of the notice by "a reasonable showing to the contrary." 20 C.F.R. § 422.910(c). The plaintiff has submitted her affidavit stating that she received the notice on October 31, 2001 and that she "remember[s] the date [she] received it because it was Halloween." (Doc. 13, Exhibit A). Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption.[3] The result is the same when the plaintiff's affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence.[4] In every known case in

---

2. In computing the time for filing in the district courts, the last day of the filing period is excluded if it is a Saturday, Sunday, legal holiday (including New Year's Day) or "a day on which weather or other conditions have made the office of the clerk of the district court · inaccessible." Fed.R.Civ.P. 6(a). Judge Butler's closing of the courthouse on New Year's Eve rendered the clerk's office "inaccessible" on December 31. *See Keyser v. Sacramento City Unified School District,* 265 F.3d 741, 747 (9th Cir.2001); *Latham v. Dominick's Finer Foods,* 149 F.3d 673, 674 (7th Cir.1998).

Congress has provided a somewhat different list of excluded days in the Social Security context. *See* 42 U.S.C. § 416(j)(the final day is excluded if it is a Saturday, Sunday, legal holiday or "any other day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive order"). The courts have not focused on which rule applies to the filing of Social Security appeals in district court, *compare Newman v. Bowen,* 1986 WL 15585 at *1 (S.D.Fla.1986)(excluding a final Sunday pursuant to Rule 6(a)) *with Davila v. Barnhart,* 2002 WL 484678 at *1 n. 1 (S.D.N.Y.2002)(excluding a final Saturday and Sunday pursuant to Section 416(j)); *Guinyard v. Apfel,* 2000 WL 297165 at *3 (S.D.N.Y.2000)(excluding a final Sunday without citing authority); *and Marte v. Apfel,* 1998 WL 292358 at *9 n. 2 (S.D.N.Y.1998) (excluding Saturday, Sunday and Labor Day without citing authority), and it is not certain which rule applies to such filings. *Compare* 42 U.S.C. § 416(j)(the provision applies "when any regulation issued by the Commissioner ... provides for a period within which an act is required to be done which ... is necessary to establish or protect any rights under this subchapter") *with* Fed.R.Civ.P. 6(a)(the rule applies "[i]n computing any period of time prescribed or allowed by ... any applicable statute [, including] the filing of a paper in court"). The issue need not be reached herein because the defendant has not disputed the plaintiff's assertion that the complaint was timely filed if notice was received on October 30.

3. *See, e.g., Velez v. Apfel,* 2000 WL 1506193 at *1 (2nd Cir.2000)(a "conclusory allegation" of non-receipt does not constitute a reasonable showing); *Kinash v. Callahan,* 129 F.3d 736, 738 (5th Cir.1997)(plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); *McCall v. Bowen,* 832 F.2d 862, 864 (5th Cir.1987); *Velazquez v. Massanari,* 2002 WL 246760 at *1 (D.Neb.2002)(the "bare assertion" of delayed receipt "is not the type of 'reasonable showing' contemplated by the applicable regulation"); *Marte v. Apfel,* 1998 WL 292358 at *2 ("[A] plaintiff must do more than merely assert that he did not receive the notice within five days."); *Leslie v. Bowen,* 695 F.Supp. 504, 506 (D.Kan.1988); *Rouse v. Harris,* 482 F.Supp. 766, 768–69 (D.N.J.1980)(the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing"). *But see Vine v. Bowen,* 1988 WL 35595 at *1 (N.D.Ill.1988)(dictum)("[T]he claimant may rebut the presumption and thereby create a factual dispute as to the actual receipt of notice by a sworn affidavit denying receipt of the notice letter.").

4. *See Rivera v. Secretary,* 1994 WL 594739 at *1 (9th Cir.1994)(newspaper articles indicat-

which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt.[5]

Of the numerous cases reviewed, the weakest demonstration deemed to constitute a reasonable showing was provided in *Gower v. Shalala,* 1993 WL 737965 at *2–3 (W.D.W.Va.1993)(the plaintiff's affidavit denying timely receipt, accompanied by a calendar on which the plaintiff "purport[ed] to have contemporaneously recorded the receipt of the notice"). Whether or not such a showing—completely dependent on the plaintiff's reliability—is appreciably more probative than a raw ipse dixit, the plaintiff's affidavit in this case does not reach even the low threshold accepted in *Gower.* The plaintiff in *Gower* at least produced a document purporting to corroborate the date

of receipt, but the plaintiff's affidavit here offers only to explain how she is able to remember (some eleven months after the fact) the precise date of receipt. Standing alone, the plaintiff's affidavit cannot constitute a reasonable showing of delayed receipt.

The plaintiff, however, has also submitted a copy of the notice of denial mailed by the defendant to plaintiff's counsel. This document bears a date-received stamp of October 30, 2001 and the handwritten notation, "calendared due 1–2–02." (Doc. 10, Exhibit A). Plaintiff's counsel represents in brief that her mail clerk was the only individual to receive and process office mail and that she was carefully trained by counsel in the use of the stamp. (Doc. 10 at 1 n. 1).

The defendant argues that this does not constitute a reasonable showing of delayed

---

ing inclement weather in Virginia around the time of the notice could not overcome the presumption of timely receipt, absent "any evidence showing that weather conditions actually caused a delay in mail service"); *Piscopo v. Secretary,* 1994 WL 283919 at *4 (1st Cir.1994)(that the plaintiff did not retrieve the contents of her post office box daily was not an adequate excuse for delayed receipt); *Guinyard v. Apfel,* 2000 WL 297165 at *3 (the plaintiff's "unsupported assertion that when she received the letter 'the envelope was rip[ped] and taped all over' ... is not the meaningful showing required").

5. *See, e.g., Allen v. Massanari,* 2001 WL 456240 at *2 (N.D.Tex.2001)(report and recommendation)(the plaintiff submitted a copy of the decision reflecting a later date than that asserted by the defendant), *adopted,* 2001 WL 513449 (N.D.Tex.2001); *Ritchie v. Apfel,* 1999 WL 1995198 at *1, 2 (D.Me.1999)(the affidavit of the defendant's representative confirmed that the defendant did not mail the notice to the most recent address provided by the plaintiff); *Wiggins v. Sullivan,* 1990 WL 29187 at *1 (S.D.Fla.1990)(report and recommendation) (correspondence and return of summons confirmed that the defendant mailed the notice to the wrong address); *Dobbs v. Heckler,* 1985 WL 71754 at *1, 4

(E.D.N.Y.1985)(the defendant's form, though ambiguous, suggested that the defendant's representative recognized that the plaintiff did not receive the first notice); *Chiappa v. Califano,* 480 F.Supp. 856 (S.D.N.Y.1979)(the affidavit of a rural railroad clerk confirmed the date he delivered the notice to the plaintiff); *see also Marte v. Apfel,* 1998 WL 292358 at *2 ("[A] plaintiff must present some affirmative evidence indicting that actual receipt occurred more than five days after issuance."). Especially powerful is evidence that reflects the notice was not mailed on or about the date shown on the notice. *See Matsibekker v. Heckler,* 738 F.2d 79, 81 (2nd Cir.1984); *Meyers v. Sullivan,* 1993 WL 92519 at *1 (E.D.La.1993); *Bartolomie v. Heckler,* 597 F.Supp. 1113, 1115 (N.D.N.Y.1984); *see also Flores v. Sullivan,* 945 F.2d 109, 111 (5th Cir.1991)(noting the plaintiff's failure to produce the envelope with a postmark); *Ocasio v. Secretary,* 1992 WL 345509 at *1 (D.P.R. 1992)(same); *Leslie v. Bowen,* 695 F.Supp. at 506 (same); *cf. Davila v. Barnhart,* 2002 WL 484678 at *1–2 (that the notice was mailed one day after the date reflected on the notice was insufficient, standing alone, to rebut the presumption of timely receipt).

receipt because counsel's information is "uncorroborated." (Doc. 11 at 3). The assertion is difficult to fathom. Counsel has not simply offered her ipse dixit that the notice was received on October 30 but has submitted the corroborating evidence of a date-stamped copy of the notice. This is precisely the sort of corroboration that other courts have considered to be sufficient,[6] and it is further corroborated by the notation reflecting that a complaint is "due" on January 2, 2002—the correct date given an October 30, 2001 receipt date.

Although ignored by the defendant, two courts have considered date-stamped copies of the notice insufficient corroboration to establish a reasonable showing of delayed receipt. *See Roberts v. Shalala,* 848 F.Supp. 1008 (N.D.Ga.1994); *Skelton v. Bowen,* 1988 WL 34287 (D.N.J.1988).[7] In *Roberts,* the plaintiff offered the affidavit of counsel's office receptionist, who stated that her responsibilities included opening and stamping each piece of mail with the date received and who identified and attached a date-stamped copy of the notice received by counsel. 848 F.Supp. at 1010,

1015. The *Roberts* Court, citing only cases involving mere ipse dixits, dismissed this evidence as "an uncorroborated affidavit from a law office employee." *Id.* at 1016–17. In *Skelton,* counsel "produce[d] a copy of the notice upon which the date of October 13, 1987 is stamped as the date of receipt," but the Court refused to accept this as "offer[ing] any verification" of the receipt date and treated it instead as a "[m]ere assert[ion]." 1988 WL 34287 at *1.

The dearth of explicit analysis makes it difficult to discern the basis of the courts' conclusion. It cannot be because date-stamped copies are inherently untrustworthy, since they are generally accepted as evidence of the actual date of receipt, even when created by one interested in proving the stamped date to be correct.[8] It cannot be because a date-stamp is less than irrefutable evidence of delayed receipt, since the plaintiff's burden is not to make an impregnable showing but only a reasonable one. Certainly the probative value of a date-stamped copy could be reduced or eliminated by evidence raising a reasonable inference of accidental or deliberate

**6.** *See Flores v. Sullivan,* 945 F.2d at 111 (noting that "no envelope with a postmark or 'received on'stamp is ever produced or mentioned"); *Lee v. Barnhart,* 2002 WL 1034711 at *1 (D.Mass.2002)(crediting the date reflected by a date-stamped copy); *Meyers v. Sullivan,* 1993 WL 92519 at *1 & n. 2 (accepting the date of receipt as that reflected by date-received stamp); *see also Pineiro–Sanchez v. Secretary,* 1995 WL 758351 at *2 (1st Cir.1995)(crediting date-stamped copy of notice concerning Social Security award and right to administrative appeal).

**7.** The Court in *Mazzie v. Bowen,* 1988 WL 92202 (E.D.Penn.1988), rejected as insufficient a copy of a November 17, 1987 notice containing the handwritten notations, "25th" and "Nov. 25 ... Jan. 25," made by plaintiff's counsel. *Id.* at *3. Given the absence of language confirming that November 25 denoted the date received and the failure to clarify

whether November 25 represented the date the plaintiff (who represented herself at the administrative level) received the notice or the date she delivered the notice to counsel, the result in *Mazzie* is plainly correct, but it says little concerning the probative value of a date-stamped copy of the notice.

**8.** *See, e.g., Lozano v. Ashcroft,* 258 F.3d 1160, 1166 (10th Cir.2001)(a date-stamped copy, accompanied by an affidavit confirming the date of receipt, is evidence of the actual date of receipt); *Broussard v. Perez,* 572 F.2d 1113, 1117–18 (5th Cir.1978)(Department of Justice's date-stamped copy of election plan rebutted any presumption of earlier receipt); *see also* n. 6, *supra; cf. Sherlock v. Montefiore Medical Center,* 84 F.3d 522, 526 (2nd Cir.1996)(even a claimant's hand-noted copy of a right-to-sue letter, accompanied by her affidavit denying earlier receipt, can rebut the presumption of timely receipt).

misapplication of the stamp; but the mere theoretical possibility of error is insufficient to justify a blanket rejection of such evidence.

Evidence that might support an inference of error includes a long delay in receipt, since a short delay is generally more plausible than a long one. While the plaintiff in *Roberts* asserted that the notice arrived nine days late, the plaintiff here asserts that it was only one day late.[9] Similarly, the failure to show an office practice of date-stamping materials on the day received might suggest an increased chance of delayed stamping. While the plaintiff in *Skelton* apparently made no such showing, counsel here attested to the mail clerk's training.[10]

■ The defendant does not suggest that counsel or anyone else either deliberately or accidentally stamped the wrong date of receipt on the notice. Nor are the circumstances present in *Roberts* and *Skelton* present here. Thus, whether or not these cases were correctly decided on their facts, on the facts of this case the date-stamped copy constitutes adequate corroborating evidence of delayed receipt.

The defendant next argues that, even if counsel's representations in brief are corroborated by the date-stamped copy, the "reasonable showing" standard requires proof by affidavit. (Doc. 11 at 3; Doc. 14 at 4). The defendant's regulation, however, requires a "reasonable showing," not a "reasonable showing by affidavit." While affidavits are always helpful and sometimes essential in making a reasonable showing of delayed or failed receipt, affidavits from counsel and/or her mail clerk were not necessary to support a reasonable showing in this case. Counsel's representations as to the mail clerk's responsibility and training are made on personal knowledge and are subject to Rule 11, providing adequate assurance of their accuracy. An affidavit from the mail clerk might have confirmed her customary practice, but she left counsel's employment during the four-month period the defendant inexplicably delayed before filing a motion to dismiss. (Doc. 10 at 1 n. 1). The defendant should not profit by her own tardiness, especially given her failure to question the veracity of counsel's representations or the authenticity of the date-stamped copy of the notice.[11]

9. *See also Lee v. Barnhart,* 2002 WL 1034711 at *1 (the plaintiff's evidence, including a date-stamped copy of the notice, was "barely ... sufficient" to rebut the presumption of timely receipt when the plaintiff asserted the notice was received six days late).

10. Counsel's rendition is far from ideal. While confirming that she "carefully trained" the mail clerk to use the date-stamp, she neither identifies just what that training required the mail clerk to do nor asserts that the mail clerk dependably followed her instructions. Were the evidentiary standard higher than that of a "reasonable showing," and had the defendant challenged the plaintiff's showing on this ground, counsel's superficial treatment might prove problematic.

11. Ordinarily, a statute of limitations governing suits against the United States is jurisdictional. *Compagnoni v. United States,* 173 F.3d 1369, 1370 n. 3 (11th Cir.1999). Sec-

tion 405(g), however, "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Thus, and because motions to dismiss Social Security appeals on untimeliness grounds ordinarily are supported and/or opposed by matters outside the pleadings, several courts have treated such motions as for summary judgment pursuant to Rule 12(b). *See Flores v. Sullivan,* 945 F.2d at 110 n. 3; *Velazquez v. Massanari,* 2002 WL 246760 at *1; *Guinyard v. Apfel,* 2000 WL 297165 at *1; *Ritchie v. Apfel,* 1999 WL 1995198 at *1; *Roberts v. Shalala,* 848 F.Supp. at 1009. Although Rule 56 restricts the material that may be considered by the court, "otherwise admissible evidence [may] be submitted in inadmissible form at the summary judgment stage." *McMillian v. Johnson,* 88 F.3d 1573, 1584 (11th Cir.1996)(emphasis omitted), *aff'd,* 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). Because coun-

The defendant next suggests that a plaintiff cannot satisfy the "reasonable showing" standard by asserting and corroborating delayed receipt but must also offer evidence explaining *the reason* receipt was delayed. (Doc. 11 at 4; Doc. 14 at 4). No known case places this burden on the plaintiff,[12] and one court has expressly rejected such a requirement. *See Gower v. Shalala*, 1993 WL 737965 at \*3. To corroborate an assertion of delayed receipt, a plaintiff has every incentive to offer proof of such things as delayed mailing or an incorrect address if it is within her possession, but the defendant identifies no reason why a plaintiff able to establish the fact of late receipt through other means should be denied a judicial forum simply because she cannot also show *why* receipt was delayed.

█ Even if the defendant's position were valid, the Court in *Lee v. Barnhart* took judicial notice that "the contamination of several key postal sorting facilities with anthrax seriously impeded the expeditious delivery of mail originating in the Washington, D.C. area during the fall of 2001." 2002 WL 1034711 at \*1. Likewise, this Court may take judicial notice that the anthrax scare began in early October 2001, that the first contaminated letter addressed to a United States Senator was discovered on October 15, 2001, and that the ensuing law enforcement and public health response slowed postal operations in the environs of the capital—including Falls Church—in late October 2001.[13] Although it is impossible to say with certainty that the specific notices addressed to the plaintiff and counsel fell victim to this delay, the judicially noticed facts concerning postal operations during the time at issue suffice to constitute a reasonable showing of why receipt was delayed.

In considering what constitutes a "reasonable showing" sufficient to rebut the presumption of timely receipt, the showing necessary to raise the presumption initially should be borne in mind.[14] The Commis-

sel's representations in brief are based on personal knowledge and could be reduced to admissible form at trial, they may be considered even if the defendant's motion is deemed one for summary judgment. At any rate, the defendant does not argue that unworn representations cannot be *considered* under Rule 56 but only that unsworn assertions cannot furnish a "reasonable showing" under the Commissioner's regulation. "Since the [movants] did not object to consideration of these [arguably unverified] statements, they waived the right to prevent their consideration [to deny the movants' motion for summary judgment]." *Murrell v. Bennett*, 615 F.2d 306, 310 n. 5 (5th Cir.1980). In short, Rule 56 does not render it inappropriate to consider counsel's unsworn representations.

12. The defendant relies on *Leslie v. Bowen*, but the Court there simply noted that an affidavit asserting delayed receipt, without corroboration *such as* the post-marked envelope or another "explanation for the late receipt," could not constitute a reasonable showing. 695 F.Supp. at 506. The *Leslie* Court did not purport to require proof of the reason for delayed receipt as an absolute predicate to a reasonable showing.

13. While statements of fact found in isolated media reports generally cannot support the invocation of judicial notice, *see, e.g., Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.1997), *cert. denied*, 522 U.S. 1049, 118 S.Ct. 693, 139 L.Ed.2d 638 (1998); *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 517 (11th Cir.1991), the massive and relentless flood of reports from dozens of respected media outlets renders the facts noted in text "not subject to reasonable dispute" within the meaning of Federal Rule of Evidence 201(b). *Cf. United States v. Smith*, 289 F.3d 696, 707 n. 13 (11th Cir.2002)(court may take judicial knowledge of "historical facts"); *Mincey v. Head*, 206 F.3d 1106, 1130 n. 58 (11th Cir.2000)(relying on news reports to take judicial notice that a bill signed by President Clinton on April 24, 1996 was signed in the afternoon), *cert. denied*, 532 U.S. 926, 121 S.Ct. 1369, 149 L.Ed.2d 297 (2001).

14. " 'A presumption is an assumption of fact resulting from a rule of law which requires

sioner's presumption arises upon proof of "the date of [the] notice," 20 C.F.R. § 422.210(c), without any proof that the notice was in fact mailed on or about that date.[15] This might be a distinction without a difference were there adequate assurance that the Appeals Council dependably mails notices in a timely manner, but the reported cases cast doubt on any such assumption.[16]

Presumptions of receipt are indulged in lieu of specific proof because they are thought to accurately reflect common experience.[17] The less faithfully such a presumption tracks common experience, the less compelling the case for upholding the presumption in the face of contrary evidence.[18] The plaintiff's showing here is

such fact to be assumed from another fact or group of facts found or otherwise established in the action.' " 21 C. Wright & K. Graham, *Federal Practice & Procedure* § 5124 at 586 (1977)(quoting Unif. R. Evid. 13).

15. In other contexts, proof of mailing has been required in order to raise a presumption of receipt. "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee. [citation omitted] The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Konst v. Florida East Coast Railway Co.,* 71 F.3d 850, 851 (11th Cir.1996)(emphasis added); *accord Barnett v. Okeechobee Hospital,* 283 F.3d 1232, 1239–40 (11th Cir.2002); *In re: East Coast Brokers & Packers, Inc.,* 961 F.2d 1543, 1545 (11th Cir.1992). This is the presumption applied "in many different contexts," including—as here—the receipt by private individuals of correspondence from government agencies, and it represents "a traditional means of weighing evidence in order to determine whether receipt occurred." *Konst v. Florida East Coast Railway,* 71 F.3d at 853–54 (collecting cases).

16. *See Matsibekker v. Heckler,* 738 F.2d at 81 (notice mailed seven days late); *Meyers v. Sullivan,* 1993 WL 92519 at *1 (four days); *Bartolomie v. Heckler,* 597 F.Supp. at 1115 (seven days); *Gauvin v. Secretary,* 1983 WL 44279 at *4 (two days). In numerous other cases, the only evidence of timely mailing is an affidavit from the defendant's representative; given the critical shortcomings in the apparently standardized declaration submitted in this case, *see infra* n. 18, there is little reason to believe that these affidavits reliably confirmed timely mailing.

17. "[T]he presumption of receipt [of a properly mailed letter] is ... 'founded on the probability that the officers of the government [i.e., the Postal Service] will do their duty and the

usual course of business ....' " *Barnett v. Okeechobee Hospital,* 283 F.3d at 1240 (quoting *Rosenthal v. Walker,* 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884)).

18. Perhaps in recognition of this principle, the defendant has submitted the declaration of an employee who states that, "[o]n October 24, 2001, the Appeals Council sent, by mail addressed to the plaintiff ... notice of its action on the plaintiff's request for review ...." (Doc. 8, Exhibit A at 4). This statement, though facially irresistible, offers little support for the proposition that the notice was in fact timely mailed. First the declarant acknowledges that she had no connection with the plaintiff's case until the present lawsuit was filed some two months after the date of the notice, (id. at 2, 3), so that she could not have personal knowledge of the date of mailing. Second, although the declarant identifies herself as the present custodian of OHA's official file concerning the plaintiff, she has not personally examined its contents; rather, the file "has been examined under [her] supervision." (*Id.* at 3). Accordingly, it is clear that she has no personal knowledge of the contents of the plaintiff's file; indeed, she declares only that, "[t]o the best of [her] knowledge and belief," the file reflects mailing on October 24. (*Id.*). Third, the declarant identifies no document in the file that confirms or even supports the proposition that the notice was in fact mailed on October 24, 2001. Fourth, the declarant does not even hint that the Appeals Council has a consistent practice of mailing notices on the date they are stamped or any safeguards to ensure that the practice is followed in the "millions of cases" the defendant assertedly processes. (Doc. 8 at 3–4).

"In order to raise the presumption of mailing, the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business

sufficiently strong that it is unnecessary to articulate the lower limit of a "reasonable showing," but in a closer case the questionable premise of the Commissioner's presumption—if not supplemented by satisfactory proof of actual and timely mailing—could well tip the balance in favor of the plaintiff.[19]

Courts have split over who must receive notice before the 60–day clock begins to run. Some courts, citing the language of the statute and regulations,[20] conclude that the clock generally runs from receipt by the plaintiff.[21] Other courts, citing practical, logical and fairness considerations and a regulatory reference,[22] conclude that the clock runs from receipt by the plaintiff's attorney (if the plaintiff was represented by counsel at the administrative level).[23] Still other courts conclude that the clock runs from receipt by either the plaintiff or counsel, whichever first occurs.[24]

The defendant, unsurprisingly, argues for the latter view. It is unnecessary to wade into this thicket because, even utilizing the view championed by the defendant, the plaintiff has rebutted the presumption of timely receipt. As noted, counsel's representations and the accompanying date-stamped copy of the notice furnish a reasonable showing that counsel did not receive notice until October 30, 2001. The plaintiff under oath denies receipt before

---

in his office." *In re: East Coast Brokers & Packers,* 961 F.2d at 1545. Did this case turn on proof of timely mailing, it is doubtful that the conclusory declaration offered by the defendant would meet her burden.

**19.** It may be that the Commissioner permissibly could have required a complaint to be filed "within sixty days after the mailing," 42 U.S.C. § 405(g), regardless of receipt. *Cf. Rosser v. United States,* 9 F.3d 1519, 1521–22 (11th Cir.1993)(upholding a statutory requirement that tax refund suits to be filed within two years from the date of mailing a notice of disallowance by certified or registered mail, irrespective of actual receipt). The Commissioner, however, has pegged the limitations period to receipt of the notice. Having done so, the durability of the presumption of timely receipt must depend, at least in part, on the predicate facts supporting the presumption.

**20.** "Any individual, after any final decision of the Commissioner ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing *to him* of notice of such decision ...." 42 U.S.C. § 405(g)(emphasis added). The Commissioner's implementing regulations require that such an action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review ... is received *by the individual,"* 20 C.F.R. § 422.210(c) (emphasis added), with "individual" equated with "the claimant." *Id.* § 422.210(a), (b). The regulations specify that "[y]ou may file an

action in a Federal district court within 60 days after the date *you* receive notice of the Appeals Council's action." *Id.* §§ 404.981, 416.1481 (emphasis added). The "date you receive notice" is defined as "5 days after the date on the notice, unless you show us that *you* did not receive it within the 5–day period." *Id.* §§ 404.901, 416.1401 (emphasis added). "You or your refers to any person claiming a right under the old age, disability, dependents' or survivors' benefits program." *Id.* § 404.901; *accord id.* § 416.1401.

**21.** *See Franks v. Apfel,* 1999 WL 362901 at *1 (9th Cir.1999); *Kinash v. Callahan,* 129 F.3d at 738 n. 6; *Flores v. Sullivan,* 945 F.2d at 111–13; *Burkett v. Apfel,* 1998 WL 846753 at *1 (S.D.N.Y.1998); *Meyers v. Sullivan,* 1993 WL 92519 at *1 & n. 4.

**22.** "We shall send your representative ... [n]otice and a copy of any administrative ... decision .... A notice ... sent to your representative will have the same force and effect as if it had been sent to you." 20 C.F.R. § 404.1715; *accord id.* § 416.1515.

**23.** *See Roberts v. Shalala,* 848 F.Supp. at 1013–15; *Bartolomie v. Heckler,* 597 F.Supp. at 1116.

**24.** *See Lee v. Barnhart,* 2002 WL 1034711 at *1 n. 2; *Leetch v. Sullivan,* 1991 WL 259261 at *2 (D.Wyo.1991); *Vine v. Bowen,* 1988 WL 35595 at *1.

October 30, 2001, the experience of counsel corroborates the plaintiff's assertion, and there is nothing in the record to suggest that the plaintiff would have received notice prior to counsel.[25] Under the circumstances, the plaintiff has made a reasonable showing that neither she nor counsel received notice before October 30, 2001.

The plaintiff's reasonable showing rebuts the regulatory presumption, but it remains open to the defendant to show that the actual date of receipt was in fact on or before October 29, 2001. *E.g., McCall v. Bowen*, 832 F.2d at 864; *Matsibekker v. Heckler*, 738 F.2d at 81. The defendant has not addressed or attempted to meet this burden. Instead, the defendant argues that, because counsel knew or should have known that the defendant would assume receipt on October 29 and a filing deadline of December 28, she should have filed by December 28 or sought an extension of time from the Appeals Council. (Doc. 11 at 4; Doc. 14 at 4).

A plaintiff may file a complaint within 65 days of the date on the notice and remain impervious to a statute of limitations attack. Thus, a plaintiff that receives notice a few days late still has almost two months to file without any risk of dismissal on limitations grounds. Several courts have thus expressed "baffle[ment]" at the "ill-advised" conduct of counsel in calendaring the filing deadline more than 65 days past the date on the notice, regardless of the alleged date of receipt, thereby pinning all on whether a court accepts that receipt was in fact delayed. *See Flores v. Sullivan*, 945 F.2d at 113 n. 4; *Lee v. Barnhart*, 2002 WL 1034711 at *1; *Roberts v. Shalala*, 848 F.Supp. at 1017; *Leslie v. Bowen*,

695 F.Supp. at 506–07; *Rouse v. Harris*, 482 F.Supp. at 769.

The undersigned agrees that counsel's planning leaves much to be desired, especially when viewed in conjunction with her decision to mail the complaint from Montgomery to Mobile and to do so as a holiday weekend approached.[26] Satisfaction of the statute of limitations, however, depends on when events *did* occur and not on when they might more prudently have been arranged. Counsel gambled heavily and pointlessly, but the plaintiff's claim—unlike those in many of the reported cases—manages to survive the statute of limitations challenge.

For the reasons set forth above, it is recommended that the defendant's motion to dismiss be **denied.**

The attached sheet contains important information regarding objections to this report and recommendation.

Nov. 12, 2002.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C.

---

25. On the contrary, counsel's mailing address is in Montgomery, while the plaintiff's mailing address is a route and box number in Coy, Alabama—a town of barely one thousand souls in rural Wilcox County.

26. Counsel represents that the complaint was mailed on Thursday, December 27, 2001. (Doc. 10 at 2).

§ 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc* ). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (Applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.